JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Kevin DeRubeis appeals from the sentence imposed following his conviction for drug possession. For the reasons set forth below, we affirm.
 {¶ 2} On April 17, 2003, defendant was indicted for one count of possession of less than five grams of cocaine, in violation of R.C. 2925.11, a felony of the fifth degree.
 {¶ 3} Defendant pled guilty to the charge and the matter proceeded to sentencing. At this time, the court inquired into defendant's record, and determined that he entered a no contest plea to a charge of domestic violence, and had a prior conviction for obstructing official business. The Court also ascertained that defendant is presently the subject of electronic home monitoring in connection with charges filed against him in federal court, that he had outstanding warrants at the time of his arrest, and had previously been charged with trespassing, receiving stolen property, attempting to commit theft, and possession of criminal tools. (Tr. 21-23).
 {¶ 4} The trial court subsequently stated:
 {¶ 5} "Based upon your prior misdemeanor record, the fact that you had two outstanding warrants at the time and the fact that it is clear to this Court that during the pendency of my case, there is another case in federal court, which indicates an involvement — very serious involvement with drugs, the Court doesn't believe that you are a good candidate for a community control sanction and will sentence you to six months in prison * * *.
 {¶ 6} "You are not amenable to community control the Court believes because of your habit and practice of disobedience of the Court's laws and misdemeanor convictions and that community control would demean the seriousness of your conduct and not adequately protect the public." (Tr. 23).
 {¶ 7} In addition, the court sentenced defendant to six months imprisonment, to be served consecutive to the time served in the federal matter, plus three years of post-release control. Defendant now appeals and assigns a single error for our review.
 {¶ 8} Defendant's assignment of error states:
 {¶ 9} "The trial court abused its discretion in applying sentencing statutes."
 {¶ 10} Within this assignment of error, defendant complains that the trial court erred in sentencing him to a term of imprisonment and imposing the maximum term of post-release control.
 {¶ 11} Defendant was convicted of possession of cocaine in violation of R.C 2925.11(C), a felony of the fifth degree. R.C.2925.11(C)(4). The potential prison sentences for a fifth degree felony are six, seven, eight, nine, ten, eleven, or twelve months.
 {¶ 12} In fashioning a sentence for a fifth degree felony conviction, R.C. 2929.13(B) mandates that the court consider the factors set forth in R.C. 2929.13(B), and the factors set forth in section 2929.12 of the Revised Code. If, after considering these factors, the court finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender. R.C.2929.13(B)(2)(a). The court must not only state his findings as to the appropriateness of a prison term according to the purposes of felony sentencing as set forth in R.C. 2929.11 and the existence of R.C. 2929.13(B) factors contributing to the decision to incarcerate the defendant, but must also state the reasons for those findings in the record. R.C. 2929.19(B)(2)(a).
 {¶ 13} Pursuant to R.C. 2953.08(A)(2), however, a defendant may appeal his sentence for a fifth degree felony as a matter of right only if "the court did not specify at sentencing that it found one or more factors specified in division (B)(1)(a) to (i) of section 2929.13 * * * to apply relative to the defendant." Two such factors are inter alia, whether "the offender previously had served, a prison term" and whether "the offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance." R.C. 2929.13(B)(1)(g)(h).
 {¶ 14} Similarly, pursuant to R.C. 2953.08(C), a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of Section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted.
 {¶ 15} In this matter, the trial court noted that defendant had two warrants at the time of his arrest and that he faced a pending drug case in federal court. In light of this finding which meets R.C. 2929.13(B), there is no basis for an appeal as of right.
 {¶ 16} Moreover, the sentence is not contrary to law.
 {¶ 17} Finally, although a trial court may now be limited in its ability to make findings in support of a sentence, seeBlakely v. Washington (2004), ___ U.S. ___, 124 S.Ct. 2531,159 L.Ed. 2d 403, a trial court is not precluded from considering prior convictions in fashioning that sentence. Apprendi v. NewJersey (2000), 530 U.S. 466, 490, 147 L.Ed. 2d 435,120 S.Ct. 2348.
 {¶ 18} In accordance with the foregoing, the assignment of error is overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., concurs.
 In Judgment only Karpinski, J., concurs in part Dissents inpart (see attached Concurring and Dissenting opinion)